## Thomas J. McMahan v. L. A. Swain.

1. Negligence—*A Question of Fact for the Jury.*—Whether a tenant is guilty of negligence in leaving an awning down while he is away, when his woman clerk could not raise it in case of a storm, is an ordinary question of fact for the jury to determine and does not call for expert testimony.

Assumpsit.—Appeal from the Circuit Court of Hancock County; the Hon. John J. Glenn, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 24, 1902.

Scofield & McMahan, attorneys for appellant.

Berry, McCrory & Kelly, attorneys for appellee.

Mr. Justice Burroughs delivered the opinion of the court.

The appellant, Thomas J. McMahan, sued the appellee, L. A. Swain, before a justice of the peace of Hancock county, to recover damages caused by the breaking of a plate glass window of a store building in the city of Carthage in that county, which the appellee had in possession as tenant of the appellant under a verbal lease in which there was no express agreement that the tenant should keep in repair.

The case was tried before the justice, and then taken by appeal to the Circuit Court, where it was tried by jury and resulted in a verdict and judgment in favor of the appellee.

The appellant, having been denied a new trial in the Circuit Court, brings the case to this court by appeal, and urges us to reverse the judgment on the alleged grounds that the verdict and judgment are against the law and evidence; that the court rejected proper evidence; gave improper and refused proper instructions.

The undisputed facts are that the appellee occupied the store building as the tenant of the appellant, under a verbal lease, in which there was no especial agreement that the tenant should keep the premises in repair.

Appellee kept a music store in the building in question and employed as his clerk a woman, who was not strong

enough to raise and lower a canvas awning which the appellant had provided to keep the sun from shining into the building through the plate glass front, for the reason that it was so arranged as to require the strength of a man to raise and lower it.

On September 11, 1901, appellee, being absent from the store on business, had left the awning down to keep the sun out, and while he was so absent, an unusual wind storm caused the awning to break the plate glass in front of the store building, and the appellant was put to the expense of $43 to repair it.

The only issue tried was whether, under those facts, the tenant or the landlord should bear the loss occasioned by the breaking of the plate glass under the circumstances.

On the trial the appellant offered to prove by a witness that in his opinion, the tenant (appellee) was guilty of negligence in leaving the awning down while he was away, when the woman clerk could not raise it in case of a storm, which, upon objection of the appellee that it was incompetent, was refused by the court and appellant excepted and insists that it was improperly refused.

But we think the opinion of the witness as to whether such act of the appellee was or was not negligence under the circumstances, was improper, for that was an ordinary question of fact for the jury to determine and did not call for expert testimony.

The court ruled properly on the instructions, and also on the evidence, and the verdict is supported by the evidence and the law applicable thereto, hence we think the judgment ought and it will be affirmed.